UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TOKIO MARINE AND FIRE INSURANCE CO., LTD., MITSUI SUMITOMO INSURANCE USA, INC., as successor to GREAT AMERICAN INSURANCE CO., AIOI INSURNACE CO., LTD. as successor to CNA GLOBAL,<br>    Plaintiffs,<br><br>    vs.<br><br>GIFFELS ASSOCIATES, INC., YORK INTERNATIONAL, PREMIER MANUFACTURING SUPPORT SERVICES, INC., and DOES 1 THROUGH 50, INCLUSIVE,<br>    Defendants. | 3:04-cv-013-RLY/WGH |

**ENTRY ON DEFENDANT GIFFELS ASSOCIATES, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Tokio Marine and Fire Insurance Co., Ltd., Mitsui Sumitomo Insurance USA, Inc., and AIOI Insurance Co., Ltd. (collectively, "Plaintiffs") have filed suit against Giffels Associates, Inc., York International, Premier Manufacturing Support Services, Inc., and a series of Doe Defendants (collectively, "Defendants"). The Amended Complaint alleges counts of negligence, strict products liability, and breach of contract. The matter is now before the court on Giffels' Motion for Summary Judgment, wherein Giffels argues that Plaintiffs' claims against it are untimely. For the following reasons,

1

Giffels' Motion for Summary Judgment is **granted**.[1]

## I.      Background

Plaintiffs are insurance companies seeking to recoup payments made to Toyota North America, Inc. on an insurance claim. (*See generally*, Amended Complaint). The insurance policy in question covered Toyota's manufacturing facility in Princeton, Indiana. (Amended Complaint ¶ 6). On or about December 30, 2001, the air handling unit in the audit building of the Princeton facility allegedly failed when a water coil in the unit froze. (Amended Complaint ¶ 13). The freezing caused the pipes within the air handling unit to break. (*Id.*). When the water then thawed, the audit building was flooded, causing damage to the building itself and some equipment contained therein. (*Id.*). Plaintiffs paid the resulting insurance claim for building repairs and equipment replacement. (Amended Complaint ¶ 6).

When the Princeton facility was being built, Giffels was contracted by Toyota to provide engineering and architectural services for the design of the facility. (*See* Ex. A to Affidavit of Richard Krenz (the agreement between Toyota and Giffels)). According to Giffels, those services "did not include the manufacturing, construction and/or installation of any mechanical equipment, structure, and/or product." (Giffels' Brief in

---

[1] The court notes that Giffels' Motion for Summary Judgment was filed prior to the filing of the Amended Complaint. However, the Complaint was only amended insofar as it now names Premier Manufacturing Support Services, Inc. as an additional defendant. There is no substantive difference between the Original and Amended Complaints as they pertain to Giffels. As such, Giffels' Motion for Summary Judgment is ripe for ruling.

Support of its Motion at 2). According to Plaintiffs, Giffels "designed the HVAC system and controls, including the sequence of operation for the units, and assisted in the selection of the units and controls to be used in the HVAC system." (Plaintiffs' Opposition to Giffels' Motion for Summary Judgment at 2).

The contract between Toyota and Giffels provided that the agreement would be "governed by the law of the Common-wealth (sic) of Kentucky." (Ex. A to Affidavit of Richard Krenz at § 8.1). Additionally, § 8.2 of the contract provides, in relevant part, that "[c]auses of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than . . . the date of Substantial Completion." (*Id*. at § 8.2). The parties agree that the Princeton facility project was substantially completed in late 2000. (Giffels' Reply Brief at 4; Plaintiffs' Surreply at 3). Plaintiffs filed their Complaint on December 29, 2003 and an Amended Complaint on July 6, 2005.

## II.     Summary Judgement Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is outcome determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record

as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (citing *Celotex*, 477 U.S. at 322).

### III.  Discussion

As a preliminary matter, the court finds that Plaintiffs' allegations that Giffels "designed the HVAC system and controls, including the sequence of operation for the units, and assisted in the selection of the units and controls to be used in the HVAC system" are inadequate to raise a claim for strict products liability. (*See* Plaintiffs' Opposition to Giffels' Motion for Summary Judgment at 2). Because Giffels is not alleged to have manufactured or sold any goods, strict product liability cannot apply to Giffels. *See Griffin Industries, Inc. v. Jones*, 975 S.W.2d 100, 102 (Ky. 1998) (finding that a basic requirement for the application of strict liability is that the defendant engage in the sale of the chattel in question). As such, the court limits its discussion to the remaining claims of negligence and breach of contract.

Under the *Erie* doctrine, federal courts exercising diversity jurisdiction must apply the procedural law of the forum state to procedural issues. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *JKL Componets Corp. v. Insul-Reps, Inc.*, 596 N.E.2d 945, 950 (Ind. Ct. App. 1992) (finding that, despite choice of law provision identifying California law, Indiana procedural law applied to case filed in Indiana). Accordingly, despite the Kentucky choice of law provision in the contract between Toyota and Giffels, Indiana procedural law applies to this case. Under Indiana law, statutes of limitations are procedural matters. *Bailey v. Skipperliner Industries, Inc.*, 278 F.Supp.2d 945, 951 (N.D. Ind. 2003); *Dart Industries, Inc. v. Adell Plastics, Inc.*, 517 F.Supp. 9, 10 (S.D.Ind. 1980).

Even under Indiana law, however, "[a] contractual limitation of actions provision which shortens the time within which plaintiffs must bring suit is valid and enforceable in Indiana if the parties mutually consented and agreed to the provision." *Meridian Mut. Ins. Co. v. Caveletto*, 553 N.E.2d 1269, 1270 (Ind. Ct. App. 1990). The parties agreed, in § 8.2 of their contract, that the limitations period in question would begin running on the date of Substantial Completion, which occurred in late 2000. Therefore, the timeliness of Plaintiffs' claims will be determined according to Indiana statutes of limitations which began running at the end of 2000.

In their argument opposing summary judgment, Plaintiffs contend that "[t]o the extent that causes of action accrued at the time of 'substantial completion' in late 2000" –

which they did – "the two year statute of limitations under Ind. Code 34-11-2-4 would only affect Plaintiffs' right to recover for injuries to personal property." (Plaintiffs' Surreply in Opposition to Giffels' Motion for Summary Judgment at 3). Plaintiffs are correct that Indiana Code § 34-11-2-4(b) provides the applicable limitations period for injuries to personal property. Plaintiffs go on to suggest, however, that their claims for real property damage and contract damages are subject to six and ten year limitations periods, respectively. *Id.*[2] The court disagrees. Notably, Plaintiffs have failed to cite any case law supporting their argument in favor of applying the six and/or ten year periods.

The court likewise disagrees with Giffels' assertion that, under Indiana Code § 34-11-2-3, all actions against a professional for services rendered must be brought within two years of the date of the occurrence. Indiana Code § 34-11-2-3 has its roots in medical malpractice actions, and it applies to "physicians, dentists, surgeons, hospitals, sanitariums, [and] others." Given this context, "others" cannot logically be interpreted to include HVAC engineers and architects.

Rather, the court finds that the two year limitations period for damages to personal property is binding to the whole of the remaining claims against Giffels. *See* Ind. Code § 34-11-2-4(2) (providing that "[a]n action for injury to personal property must be commenced within two (2) years after the cause of action accrues"). While Plaintiffs

---

[2] Plaintiffs also argue that there is an applicable ten year statute of limitations under Indiana Code § 32-30-1-5; however, that statute is a statute of repose, not of limitations, and it is therefore inapplicable to the case at bar.

have alleged a breach of contract, the nature of their damage is damage to personal property, and "it is the nature or substance of an action, rather than its form, that will determine the applicability of the statute of limitations."  *Klineman, Rose and Wolf, P.C. v. North American Lab. Co.*, 656 N.E.2d 1206, 1207 (Ind. Ct. App. 1995).

The analogous Indiana Court of Appeals case of *Racquet v. Thompson* is guiding. 693 N.E.2d 969, 971 (Ind. Ct. App. 1998).  In *Racquet*, homeowners sued a surveyor for breach of contract when the surveyor's negligence led them to build their home in a flood plain.  *Id.* at 971.  The Court found that the surveyor's "duty to be accurate comes from the existence of the contract; it is not a promise within the contract."  *Id.*  Further, the Court reasoned that "[t]his action is in reality a request for damages suffered as a result of [the surveyor's] negligent performance, which caused injury to [Plaintiff's] personal property."  *Id.*  Therefore, the Court applied the two year limitations period which was then codified as Indiana Code § 34-1-2-2(1) and is now codified as Indiana Code § 34-11-2-4.  *Id.*; *see also, e.g., Resolution Trust Corp. v. O'Bear, Overholser, Smith & Huffer*, 840 F.Supp. 1270, 1283 (N.D. Ind. 1993) (applying two year limitations period to breach of contract claim against bank appraiser); *Craig v. ERA Mark Five Realtors*, 509 N.E.2d 1144 (Ind. Ct. App. 1987) (applying two year limitations period to fraud and malpractice claims against real estate broker).  As in *Racquet*, the action against Giffels is in reality a request for damages suffered as a result of Giffels' negligent performance, which caused injury to Plaintiffs' insured's personal property.

7

## IV. Conclusion

Pursuant to § 8.2 of the parties' contract, the causes of action in this case accrued in late 2000. Because suit wasn't filed until December 29, 2003, Plaintiffs' claims are barred by Indiana Code § 34-11-2-4(2)'s two year limitations period. Therefore, Giffels' Motion for Summary Judgment is **granted**.

Dated: September 1, 2005

                                          RICHARD L. YOUNG, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Electronic copies to:

Angela L. Freel
RUDOLPH FINE PORTER & JOHNSON LLP
alf@rfpj.com

John Robert Kinkle
HALL PARTENHEIMER & KINKLE
hpk@insightbb.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

Gene A. Weisberg
BERGER KAHN
gweisberg@bergerkahn.com

Alexander Y. Wong
BERGER KAHN
awong@bergerkahn.com