UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE  DIVISION

TOKIO MARINE AND FIRE               )
INSURANCE CO., LTD., MITSUI          )
SUMITOMO INSURANCE USA, INC., as  )
successor to GREAT AMERICAN          )
INSURANCE CO., AIOI INSURANCE       )
CO., LTD. as successor to CNA GLOBAL, )
        Plaintiffs,                      )
                        )
    vs.                              )            3:04-cv-13-RLY-WGH
                        )
GIFFELS ASSOCIATES, YORK            )
INTERNATIONAL, PREMIER              )
MANUFACTURING SUPPORT              )
SERVICES, INC., and DOES 1 THROUGH )
50, INCLUSIVE,                       )
        Defendants.                  )

**ENTRY ON DEFENDANT GIFFELS ASSOCIATES, INC.'S (SUPPLEMENTAL)
MOTION FOR SUMMARY JUDGMENT**

This is a subrogation case to recoup monies Plaintiffs paid to their insured,

Toyota North America, Inc., as a result of Defendant Giffel's negligent design of an

HVAC system which resulted in flooding and more than $500,000 in damage at Toyota's

Princeton, Indiana plant. On October 27, 2005, the court granted Plaintiffs' motion for

reconsideration of the court's prior, September 1, 2005, decision granting Defendant's

motion for summary judgment. The court took Defendant's original motion under

advisement and ordered supplemental briefing regarding three specific issues: (1) the

character of the property damage at issue (i.e., whether the damage was to personal

1

property, real property, or a combination of both); (2) the applicable statute of limitations; and (3) whether Plaintiffs' breach of contract claim survives.  After reviewing the parties' supplemental briefs, the designated evidence, and the applicable law, the court finds Defendant's supplemental motion for summary judgment should be **DENIED**.

## I.    Background

Because the facts of this case have been discussed in prior entries, the court will only give a brief synopsis of the material facts.

Defendant was contracted by Toyota to provide engineering and architectural services for the design of the Princeton, Indiana facility.  To this end, Defendant designed the HVAC system and controls, including the sequence of operation for the units, and assisted in the selection of the units and controls to be used in the HVAC system.

On December 30, 2001, the air handling unit in the audit building[1] of the Princeton facility allegedly failed when a water coil in the unit froze.  The freezing caused the pipes within the air handling unit to break.  When the water then thawed, the audit building flooded, causing damage to the HVAC system, duct work, insulation, ceiling tiles and certain equipment contained therein.  The equipment included a man lift, brake tester, surface plate, Vets computer, two DCUs and two dynamometers.  The man lift, brake tester, surface plate and dynamometers were installed within the concrete bays.  The DCUs and conduit from those units were attached to the ground and ceiling.

---

[1] The audit building is utilized as a vehicle testing facility for vehicles after they leave the production line.  (Declaration of Terry Martin ("Martin Aff.") ¶ 6).

## II.    Discussion

Defendant contends Plaintiffs' negligence and breach of contract claims are time-barred pursuant to Indiana Code section 34-11-2-4. That section provides for a two-year limitation for "[a]n injury to . . . personal property."   Plaintiffs argue their claims are not time-barred pursuant to Indiana Code section 34-11-2-7.  That section provides for a six-year limitation for damages to real property.

In making its decision as to which statute should apply, the court must determine the nature of the damages claimed by Plaintiffs, for "it is the nature or substance of the action, rather than its form, that will determine the applicability of the statute of limitations." *Klineman, Rose and Wolf, P.C. v. North American Lab. Co.*, 656 N.E.2d 1206, 1207 (Ind. Ct. App. 1995).

Defendant argues the nature of Plaintiffs' action is one for professional negligence.  In cases in which professional negligence has been determined to be the nature of the suit, Indiana courts have applied the two-year statute of limitations applicable to damages to personal property.  *See* Indiana Code section 34-11-2-4 (providing for a two-year limitation for "[a]n injury to . . . personal property.")  In support of its position, Defendant cites the court to *Resolution Trust Corp. v. O'Bear, Overholser, Smith & Huffer*, 840 F.Supp. 1270, 1283 (N.D. Ind. 1993); *Craig v. ERA Mark Five Realtors*, 509 N.E.2d 1144, 1149 (Ind. Ct. App. 1987); and *Lakeside, Inc. f. DeMetz*, 621 N.E.2d 969, 971 (Ind. Ct. App. 1998).  From the court's perspective, these cases turn not on whether the defendant was a professional, but rather on the nature of the harm suffered

– i.e., is the damage to personal or real property?  For example, in *Craig*, 509 N.E.2d

1144, the Indiana Court of Appeals held that Indiana's two-year statute of limitations,

rather than Indiana's six-year statute of limitations, applied in a case in which the plaintiff

was suing his real estate agent after having been informed that he was in violation of the

county's zoning ordinance.  In reaching that conclusion, the Court stated:

> Looking at the nature or substance of Craig's allegations under Count II, it
> is apparent that he is claiming damage from ERA's failure to discover the
> zoning problem and inform him.  He is not attempting to recover rents or
> profits of the real property which would prompt the application of Ind.
> Code § 34-1-2-1.[2] Since his action is premised upon negligence, the two
> year statute of limitations of Ind. Code § 34-1-2-2(1) applies.

*Id*. at 1149.  *See also Lakeside*, 621 N.E.2d at 1151 (Court concluded that the two-year

statute of limitations applied not because the real estate broker was a professional, but

because "DeMetz made no attempt to recover rents or profits of the subject real

property.")

Plaintiffs' case is one which arguably involves professional services; however,

Plaintiffs' Amended Complaint explicitly seeks relief for damages to property.  First

Amended Complaint, ¶ 25.  Because the nature of the suit is one for property damage, the

court now turns to the type of damages involved.

Defendant argues in the alternative that the property at issue is not real property as

it fails to meet the definition of a "fixture."  Plaintiffs disagree.

A piece of equipment is typically thought of as personal property.  *See Dinsmore v.*

---

[2] Indiana Code sections 34-1-2-1 and 34-1-2-2(1) have since been renumbered as 34-11-2-4 and 34-11-2-7.

*Lake Electric Co., Inc.*, 719 N.E.2d 1282, 1286 (Ind. Ct. App. 1999).  In order to determine whether a particular article has become so identified with real property as to become a fixture, Indiana uses a three-part test which considers: (1) actual or constructive annexation of the article to the realty, (2) adaptation to the use or purpose of that part of the realty with which it is connected, and (3) the intention of the party making the annexation to make the article a permanent accession to the freehold.  *Id.* (citing *Citizens Bank of Greenfield v. Mergenthaler Linotype Co.,* 25 N.E.2d 444 (Ind. 1940).  Of these, intention is the most important factor.  *Dinsmore*, 719 N.E.2d at 1286.  Intention may be determined by the "nature of the article, relation and situation of the parties making the annexation, and the structure, use, and mode of annexation."  *Mergenthaler*, 25 N.E.2d at 448.  Whether a particular item of personal property has become a fixture depends on the facts and circumstances of a case and is a mixed question of law and fact.  *Id.* at 444.

The court finds Plaintiffs' have raised a trial issue of fact as to whether the damaged equipment constitutes real property.  The equipment at issue was installed in the audit building for the intended purpose of testing vehicles fresh off the production line.  For example, a fifteen foot by ten foot pit, approximately five feet deep, was constructed in the audit building floor to accommodate each dynamometer.  *See* Wong Declaration, Exhibit B at 003700.  An eight and a half foot by twenty foot pit, approximately eight and a half feet deep, was constructed to accommodate the lift.  *Id.*, Exhibit B at 003698 ("LSPV" pit).  The installation of those items is visible in photographs 1, 2 and 5 attached as Exhibit A to the Declarations of Terry Martin and Michael.  Similarly, the brake tester

was installed in a roughly twelve foot by three foot pit that was approximately two and a half feet deep (including the reinforced foundation), while the surface plate was installed in a sixteen and a half foot by twenty-six and a half foot pit, approximately one and a half feet deep.  Wong Declaration, Exhibit C at 003611-3612, Exhibit B at 003698.  The brake tester and surface plate are depicted in photographs 3 and 4 attached as Exhibit A to the Martin and Beach Declarations.  As evident in the photographs, the various pits were designed and constructed so that the equipment would be flush with the floor surface once installed inside the pits.  *See also* Wong Declaration, Exhibit E (cross sectional diagram of dyno pit showing installation of dynamometer so it is flush with floor surface). This was necessary to allow for vehicles to be driven on top of the equipment for testing. Martin Declaration, ¶ 6. Without the testing equipment, the building could not be used for its intended purpose as a vehicle testing facility.  *Id*., ¶ 11.

Because the court finds an issue of fact as to whether the property at issue is real or personal, the court is unable to determine, at this stage, whether Indiana's two-year or six-year statute of limitations applies to this case.  Defendant's Motion for Summary Judgment is therefore **DENIED**.

**III.     Conclusion**

For the reasons set forth above, Defendant's (Supplemental) Motion for Summary

Judgment is **DENIED**.


**SO ORDERED** this 14th   day of March 2006.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Electronic Copies to:

Angela L. Freel
RUDOLPH FINE PORTER & JOHNSON LLP
alf@rfpj.com

John Robert Kinkle
HALL PARTENHEIMER & KINKLE
hpk@insightbb.com

Andrew J. Miroff
ICE MILLER LLP
drew.miroff@icemiller.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com

Richard A. Smikle
ICE MILLER LLP
richard.smikle@icemiller.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

Gene A. Weisberg
BERGER KAHN
gweisberg@bergerkahn.com

Alexander Y. Wong
BERGER KAHN
awong@bergerkahn.com